**Leon D. THOMAS, Jr., Petitioner,**

v.

**Dale FOLTZ, Respondent.**

**Civ. A. No. 86–CV–73569–DT.**

United States District Court,
E.D. Michigan, S.D.

Feb. 12, 1987.

106

Leon D. Thomas, Jr., in pro per.

Edgar Church, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for respondent.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

Petitioner, Leon Douglas Thomas, Jr., presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed this *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted on February 8, 1984, by a Calhoun County Circuit Court jury of armed robbery, M.C.L. § 750.529, and felony-firearm, M.C.L. § 750.227b. He was sentenced to a term of ten to fifteen years imprisonment along with the mandatory two-year consecutive term for the felony-firearm conviction.

On appeal as of right, the Michigan Court of Appeals affirmed the conviction in a memorandum opinion dated August 16, 1985. Docket No. 78686. Pursuant to a letter request, the Michigan Supreme Court denied relief in a standard order dated January 28, 1986. Docket No. 77193.

The habeas petition raises two issues challenging the validity of Petitioner's sentencing. State court remedies concerning these issues have been exhausted. *See Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Conner,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

### II.

#### A.

Petitioner's first argument is two-pronged. He claims that it was error for the trial court to deviate from the Michigan sentencing guidelines without a substantial or compelling reason and that his due process rights were violated because of that deviation.

On March 26, 1984, Petitioner was sentenced by the trial court to ten to fifteen years for the armed robbery conviction. The suggested sentence as determined by the Michigan sentencing guidelines was six to ten years. The sentencing judge clearly indicated on the record that he was imposing a sentence above the guidelines for two reasons. He stated:

> What does matter, first of all, the seriousness of the offense itself, and secondly, you were on parole when you did it. Now, I simply don't believe that I could ... in determining what the guidelines call for, I simply do not believe it's appropriate to limit the sentence to that extent when you committed this offense, well-planned I might say, while you are on parole for second degree murder so if I'm not following the guidelines, those are the reasons.

■ The State of Michigan has not created a "liberty" interest cognizable under the Fourteenth Amendment Due Process clause, *see Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974), in being sentenced within the sentencing guidelines absent substantial or compelling reasons. The Michigan Supreme Court promulgated sentencing guidelines, which became effective May 1, 1983. *See* Administrative Order No. 1983–3, 417 Mich. cxxi (Mar. 28, 1983). The order invited, but did not require, use of

the guidelines. The Supreme Court made consideration of the guidelines mandatory effective March 1, 1984. *See* Administrative Order No. 1984–1, 418 Mich. lxxx (Jan. 17, 1984). The guidelines and the Administrative Order make it quite clear, however, that a sentencing judge may impose a minimum sentence above the guidelines if he specifies his reasons. Adherence to the guidelines is wholly discretionary; the Supreme Court asks that sentencing judges explain their deviations only to improve the guidelines themselves. *See People v. Ridley* 142 Mich.App. 129, 133–34, 369 N.W.2d 274 (1985).

In Petitioner's case, the sentencing judge explained his reasons for the harsher sentence in two sentences, as set forth above. The Michigan Court of Appeals, in a brief one-paragraph discussion, found that the reasons for the deviation were "sufficiently compelling and substantial." The Michigan Supreme Court affirmed in a *per curiam* opinion. The actions taken by the Michigan Court of Appeals and Michigan Supreme Court, including their cursory treatment of Petitioner's argument, demonstrate that the guidelines are merely advisory. The fact that the Court of Appeals addressed Petitioner's argument at face value is not an acknowledgement that a sentencing court can depart from the guidelines only if there are substantial and compelling reasons; the Court of Appeals simply found that, even if such a right existed, the sentencing court's reasons *were* substantial and compelling.

■ Petitioner simply had no right to expect that the guidelines would be rigidly applied in determining his sentence. Even if the State had created such a right, there is no showing that the State appellate courts were incorrect in finding substantial and compelling reasons for deviating from the guidelines.* Petitioner received due process.

* As I read the Supreme Court's administrative orders, and the language of the Court of Appeals in *Ridley, supra,* it was not even necessary for the sentencing judge to explain his reasons for the deviations to Petitioner. Since the purpose

■ Petitioner does not claim that the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment. Therefore, because Petitioner argues solely under the state law on sentencing, his claim is not cognizable in habeas because it is a state law claim. *Pulley v. Harris,* 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Long v. Smith,* 663 F.2d 18 (6th Cir.1981), *cert. denied,* 455 U.S. 1024, 102 S.Ct. 1724, 72 L.Ed.2d 143 (1982).

## B.

■ The second habeas claim is that the sentence is improper because the trial court relied upon a presentence report that contained inaccurate information regarding prior convictions. The record reveals that at sentencing, defense counsel informed the court that the presentence report contained two inaccuracies. First, it erroneously listed an assault that Petitioner was involved in as a juvenile. Second, a 1981 Georgia conviction was shown as three counts of three separate offenses when it should have been listed as one count each on three separate offenses. Defense counsel argued that correction of these inaccuracies would result in a guideline sentence of only three to six years. The court's sentence was, in part, as follows:

Well, I guess I hadn't looked at that that carefully and simply assumed that it was a single conviction of each count, but if that's the case, that's the way the record should show and I certainly am not paying any attention to a juvenile record after these years have gone by. If he has one, it doesn't matter to me. What does matter, first of all, the seriousness of the offense, itself, and secondly, you were on parole when you did it.

Now, I simply don't believe that I could, assuming you're correct, Mr. Caswell, in determining what the guidelines call for, I simply do not believe it's appropriate to

of giving reasons is simply to help the Supreme Court improve the guidelines, it would seem that a sentencing judge could, instead, draft a letter to the sentencing guidelines administrative unit explaining the deviation.

limit the sentence to that extent when you committed this offense, well-planned I might say, while you are on parole for second degree murder so if I'm not following the guidelines, those are the reasons.

(T. pg. 3–4). Thus, the juvenile convictions, if any, were not considered and the Georgia convictions were not treated as multiple count convictions. Petitioner's habeas claim does not allege that the presentence report contained any other inaccuracies.

In passing sentence, a court should be provided as much accurate information as possible in order to render an appropriate sentence. Due process requires that a defendant be afforded an opportunity to refute information relied upon by the sentencing judge, if such information can be shown to have been materially false. *Collins v. Buchkoe*, 493 F.2d 343 (6th Cir. 1974); *United States v. Cesaitis*, 506 F.Supp. 518 (E.D.Mich.1981). Petitioner has failed to demonstrate in his petition that the sentencing court relied upon materially false information. Thus, his claim is without merit. Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is DENIED.