**Kenneth WEAVER,**
**Petitioner–Appellant,**

v.

**Dale FOLTZ, Respondent–Appellee.**

No. 88–1450.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 21, 1989.

Decided Nov. 2, 1989.

Frank D. Eaman (argued), Bellanca, Beattie and De Lisle, Detroit, Mich., for petitioner-appellant.

Carolyn Schmidt, Asst. Atty. Gen. (argued), Detroit, Mich., for respondent-appellee.

Before MERRITT, Chief Judge, KRUPANSKY, Circuit Judge, and GRAHAM, District Judge.*

MERRITT, Chief Judge.

In this case, the District Court dismissed Weaver's habeas corpus petition under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), as a "mixed" petition containing exhausted and unexhausted issues. It did so without regard to the subsequent case of *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

L.Ed.2d 119 (1987), which allows consideration of exhausted issues in mixed habeas corpus petitions. In our view, Weaver's insufficient evidence claim under *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), may well be dispositive of the case; and, as stated by the District Court, that federal claim was exhausted because it was fairly presented to the Michigan courts. Accordingly, we exercise our discretion under *Granberry* and vacate the District Court's order denying relief. Further, we remand for consideration of the insufficient evidence claim and any other federal claims fairly presented to the Michigan courts.

## FACTS

The state charged four men—Weaver, his twin brother, Hopson, and Thompson with the murder of Hagwood. The evidence against Hopson and Weaver appears to be identical: both were among a group of four men arguing with Hagwood when Thompson pulled a gun from his car and fatally shot Hagwood. The only eyewitness to the shooting, Elaine Faye Peterson, testified at the separate trials of Weaver and Hopson. In her account of the night of the shooting, Hagwood had argued in a barroom with Hopson and the Weaver twins over ownership of a radio. All four men left the bar and continued to argue outside, where Hopson and the Weavers threatened that Hagwood "would never see daylight." It was then that Thompson shot Hagwood. After the shooting, two other witnesses saw Hopson and one of the Weaver twins walk to Hopson's home and exchange with the residents some item or items which may have been the shell casings from Thompson's gun.

## PROCEDURAL HISTORY

A jury convicted Weaver of aiding and abetting first-degree murder and possession of a firearm in the commission of a felony; he was sentenced to life without parole and two years, respectively. After the Michigan trial court denied Weaver's motion for a new trial, the Michigan Court of Appeals upheld his aiding and abetting

conviction, vacated his felony firearm conviction, and denied his motion for reconsideration. Weaver subsequently unsuccessfully sought review by the Michigan Supreme Court.

Weaver then petitioned for a writ of habeas corpus in the District Court. He alleged that the following events violated his federal constitutional rights: 1) the evidence was insufficient; 2) the judge failed to give a cautionary instruction regarding the testimony of an addict-informant; 3) the prosecution withheld exculpatory evidence; 4) the judge erroneously admitted testimony that a codefendant had taken a polygraph test; 5) Weaver was denied effective assistance of counsel due to joint representation of Weaver and his twin brother; and 6) the judge denied a new trial based on newly discovered evidence.

In its answer to Weaver's petition, the state conceded that Weaver had exhausted his federal claims in the Michigan courts, but persuaded the District Court that issues two, four, and six had not been raised as federal questions in state court. Relying on the "mixed petition" principle set forth in *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) (plurality opinion), the District Court dismissed the petition because it contained both exhausted and unexhausted claims. In his motion for reconsideration, Weaver insisted that he had exhausted his federal claims in state court, and emphasized that a codefendant (Hopson) who had been tried separately on identical evidence had received a writ of habeas corpus from this Court on the ground of insufficient evidence. After the District Court denied his motion, Weaver appealed to this Court.

## ISSUE I: INSUFFICIENT EVIDENCE

Our account of the facts and evidence against Hopson in *Hopson v. Foltz,* [818 F.2d 866 (Table)] (6th Cir.1987), and the facts and evidence as presented in the Michigan Court of Appeals in Weaver's case appear to be identical. Interpreting the decisions of Michigan courts and of this Circuit, we held that Hopson's "passive acquiescence" without "some conscious action to make the criminal venture succeed"

fell short of the threshold conduct required of an aider and abettor of first-degree murder. *Hopson,* slip op. at 3.

■ In *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court held that an individual's state court conviction on insufficient evidence violates the due process clause of the Fourteenth Amendment. That seminal case established the pertinent standard of review.

> [W]hether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 319, 99 S.Ct. at 2789. A writ of habeas corpus must issue to any habeas petitioner whose conviction falls short of this standard. *Id.* at 317–18, 99 S.Ct. at 2788.

■ Reviewing the facts of *Hopson* under the *Jackson* standard, this Court was unable to conclude that a rational juror could find beyond a reasonable doubt that Hopson aided and abetted the shooting. *Hopson,* slip op. at 3. At most, Hopson was present at the shooting, he may have argued with Hagwood shortly before the shooting, he may have known that someone intended to harm Hagwood, and he may have taken the empty shell casings after the shooting. *Id.* There was no evidence that Hopson acted in pre-concert with Thompson or that he in any way supported, encouraged, or incited commission of the crime. *Id.* at 4. Hopson's actions, perhaps sufficient to make him an accessory after the fact, did not rise to the level of an aider and abettor in the killing. *Id.* As a result, this Court issued Hopson's writ of habeas corpus. *Id.*

The state presented no evidence at trial or any subsequent stage to distinguish the evidence against these codefendants. Accordingly, we instruct the District Court on remand to consider Weaver's insufficient evidence claim in light of *Hopson v. Foltz.*

### ISSUE II: FAIR PRESENTATION OF FEDERAL CLAIMS IN STATE COURT

Notwithstanding the insufficient evidence claim, Weaver asks this Court to direct the District Court to reach the merits of the remaining five claims made in his original petition. Should the District Court determine that the writ should not issue on the basis of the insufficient evidence claim, we instruct it to consider the merits of those claims which have been fairly presented to the Michigan courts.

The guiding principles for the District Court's inquiry come from two Supreme Court cases. *See, e.g., Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam) (substance of respondent's claim was not fairly presented to state courts so as to meet exhaustion requirement); *Picard v. Connor,* 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) (constitutional claim itself and not just underlying facts must be presented to state courts). The Supreme Court's requirement of fair presentation has been strictly followed in this Circuit. *See, e.g., Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir.1987) (catch-all allegations such as constitutional right to a fair trial supported only by state law do not fairly apprise state court of specific constitutional theory); *Petrucelli v. Coombe,* 735 F.2d 684, 688 (6th Cir.1984) ("fair trial" and "due process" do not call to mind a specific right protected by the Constitution).

In its order denying Weaver's petition for habeas relief, the District Court concluded that three of Weaver's six federal claims satisfied the Supreme Court's requirement of fair presentation to the state courts. Should the District Court decide against Weaver's insufficient evidence claim on remand, then it should reach the merits of the two remaining exhausted federal claims. Weaver may not present in a habeas petition his three remaining federal claims that the Michigan courts did not have fair opportunity to address.

### ISSUE III: EXHAUSTION OF STATE COURT REMEDIES

#### A. *Mixed Petitions*

■ The District Court grounded its dismissal of Weaver's petition on the strict

exhaustion dictate of *Rose v. Lundy*, in which the Supreme Court held that habeas courts must dismiss petitions containing both exhausted and unexhausted claims. A prisoner filing a "mixed petition" could choose to return to state court and exhaust his nonexhausted claims, or to drop them and proceed in federal court with only the exhausted claims. *Rose v. Lundy*, however, has not survived *Granberry v. Greer* intact. After *Granberry*, a federal appellate court may, in "extraordinary cases" requiring "prompt federal intervention," reverse the district court's dismissal and reach the merits of the mixed petition. Alternatively, it may reverse the dismissal and remand for consideration by the district court as we elect to do here. The factual and evidentiary overlap between *Hopson v. Foltz* and this case is "extraordinary."

### B. *Waiver*

The final issue on appeal concerns Weaver's allegation that the state waived the right to raise the exhaustion issue in this Court by conceding in its answer to his petition that Weaver had exhausted his federal claims in state court. Although the District Court confronted the waiver issue, it did so without the perspective offered by the Supreme Court's decision in *Granberry v. Greer*. Before *Granberry*, this Circuit interpreted the strict exhaustion dictate of *Rose v. Lundy* to prohibit states from waiving the exhaustion requirement. *See Bowen v. Tennessee*, 698 F.2d 241, 243 (6th Cir.1983) (en banc). But like *Rose v. Lundy*, *Bowen* has not survived *Granberry* intact. *See, e.g., Cobb v. Perini*, 832 F.2d 342, 345 (6th Cir.1987) ("*Granberry* casts considerable doubt on our prior decisions requiring total exhaustion.").[1] *Granberry* has circumscribed the exhaustion requirement by allowing federal courts to use their sound discretion in deciding the waiver issue and to make exceptions in the application of the mixed petition doctrine of *Rose v. Lundy*.

Accordingly, we exercise our discretion in this case under *Granberry*. The judgment of the District Court is reversed and the case remanded for consideration first of the *Jackson v. Virginia* claim, and if necessary, any other claims which Weaver has exhausted in the state courts of Michigan.

---

**1.** One month after the Court decided *Granberry*, this Court expressly approved bypassing the exhaustion requirement in a case in which the state conceded the exhaustion issue. *See Prather v. Rees*, 822 F.2d 1418, 1421–22 (6th Cir.1987).