**Ben ANDERSON, Jr., Petitioner,**

v.

**Terry L. MORRIS, Respondent.**

**No. C88–4046.**

United States District Court, N.D. Ohio, E.D.

Jan. 14, 1991.

Ben Anderson, pro se.

Suzanne E. Mohr, Asst. Atty. Gen., Columbus, Ohio, for respondent.

### ORDER

BATTISTI, District Judge.

The court has examined the report and recommended decision of the magistrate and the Defendant's objections thereto in the instant matter. Despite the fact that the Petitioner has failed to exhaust his state remedies with regard to several of the claims in his petition for a writ of habeas corpus, the magistrate recommends that the court reach the merits of all of Petitioner's claims. Inasmuch as there are no extraordinary circumstances requiring this court to make a determination on the merits in this case, the magistrate's recommendation must be rejected. Accordingly, the petition is dismissed due to the presence of nonexhausted claims.

### I. FACTUAL BACKGROUND

Petitioner, Ben Anderson, Jr., seeks a writ of habeas corpus for alleged improprieties in the jury trial which led to his April 10, 1986 conviction on three criminal charges in the Cuyahoga County Court of Common Pleas. He was convicted of felonious assault, in violation of Ohio Revised Code § 2903.11; aggravated arson, in violation of Ohio Revised Code § 2909.02; and aggravated burglary, in violation of Ohio Revised Code § 2911.11.

Petitioner raises nine grounds for the issuance of the writ. Respondent contends that due to the presence of claims which were not exhausted in the state courts, this petition must be dismissed as a "mixed" petition, as defined in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The magistrate has determined that this is, in fact, a mixed petition, but recommends that the court reach the merits nonetheless.

### II. DISCUSSION

**A. District Court Consideration of Mixed Petitions**

The authority for a state prisoner to file a petition for a writ of habeas corpus in federal district court is found in 28 U.S.C. § 2254. Section 2254 limits the district court's power to grant the writ, however, by providing that it "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

In *Lundy,* the Supreme Court of the United States considered "whether the exhaustion rule in 28 U.S.C. §§ 2254(b), (c) requires a federal district court to dismiss a petition for a writ of habeas corpus containing any claims that have not been exhausted in the state courts." 455 U.S. at 510, 102 S.Ct. at 1199. The Court concluded that "[b]ecause a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, *we hold that a district court must dismiss such 'mixed petitions,'* leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.* (emphasis added).

The United States Court of Appeals for the Sixth Circuit, has often recognized that the *Lundy* case proscribes the district courts from ruling on mixed petitions.

*See, e.g., Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990) (stating that "[p]risoners may not bring such 'mixed petitions' under the exhaustion doctrine."); *Shoultes v. Laidlaw,* 886 F.2d 114 (6th Cir.1989) (stating that "[i]f a habeas petition contains both exhausted and nonexhausted claims, the district court must dismiss the petition ...").

The magistrate in the instant matter based his recommendation to the contrary upon the Supreme Court's holding in *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), and its application by the Sixth Circuit. In *Granberry,* the Court reaffirmed its prior holding that the failure of a petitioner to pursue available state remedies "is not an absolute bar *to appellate consideration of his claims." Id.* at 129, 107 S.Ct. at 1671 (emphasis added). *See also Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984) (holding that the exhaustion requirement is not a jurisdictional bar). In addition, the Court held that a court of appeals erred in determining that the nonexhaustion defense could not be waived by the respondent's failure to raise it in the district court. *Id.* 481 U.S. at 136, 107 S.Ct. at 1676. Instead, the court of appeals should have determined "whether the interests of justice would be better served by addressing the merits of the habeas petition or by requiring additional state proceedings before doing so." *Id.*

It seems clear that the *Granberry* case was meant to apply only to the exercise of appellate jurisdiction over mixed petitions where exhaustion had not been raised as a defense. The Sixth Circuit seemed to recognize this principle in *Prather v. Rees,* 822 F.2d 1418 (6th Cir.1987), a case in which the court acceded to the state attorney's desire to waive the exhaustion requirement on the basis of efficiency and the interests of justice. Nowhere in the *Prather* opinion is there any indication that district courts had been empowered to hear mixed petitions. Presumably, they remained bound by the same principles of comity that supported the *Lundy* decision.

In *Weaver v. Foltz,* 888 F.2d 1097 (6th Cir.1989), however, the court articulated a new interpretation of *Granberry.* In *Weaver,* the district court had actually dismissed a habeas petition due to its mixed nature. *Id.* at 1098. Unlike *Granberry* and *Prather,* the state had actively sought dismissal due to the presence of nonexhausted claims. *Id.* The Sixth Circuit reversed, not on the basis of waiver or an error in determining that the petition was mixed, but rather, because it read *Granberry* as empowering the courts of appeals to mandate "prompt federal intervention" in "extraordinary cases." *Id.* at 1100.

The court's reasoning in *Weaver* is not as clearly grounded in the stated principles of *Granberry* as was its reasoning in prior decisions. The doctrine, as described in *Granberry,* was meant to save judicial resources and promote the interests of justice in cases in which the state evidenced a diminished interest in exhaustion by failing to raise the defense in the district court. As described in *Weaver,* however, the doctrine could undermine the comity and efficiency principles which formed the basis of both the *Lundy* and *Granberry* decisions. It seems that the better rule, should the court choose to reconsider its position, would focus more closely on the core holding in *Granberry.*

Nonetheless, *Weaver* provides the Sixth Circuit's interpretation of *Granberry,* and from it, the conclusion logically follows that district courts may also choose in extraordinary situations to reach the merits of a petition that is mixed in nature. The court implies as much by stating that "*Granberry* has circumscribed the exhaustion requirement by allowing *federal courts* to use their sound discretion in deciding the waiver issue and *to make exceptions in the application of the mixed petition doctrine of Rose v. Lundy." Weaver,* 888 F.2d at 1100.

■ Although I respectfully disagree with the Sixth Circuit's present interpretation, the disposition of this case is not thereby affected. Quite simply, there are no extraordinary factors in this case that

warrant looking beyond the issue of nonexhaustion to the merits.

**B. Exhaustion of State Remedies**

The magistrate concluded that the petitioner had failed to exhaust his state remedies in regard to his claims that: (1) the prosecution failed to disclose favorable evidence; (2) the jury was unconstitutionally selected and impanelled; and (3) the records of the case were tampered with. After review, the court adopts the magistrate's reasoning and conclusions in this area in full.

Accordingly, the petition before the court is found to be a mixed petition and is DISMISSED.

IT IS SO ORDERED.