933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ben ANDERSON, Petitioner-Appellant,
v.
Terry L. MORRIS, Supt., Respondent-Appellee.
 No. 91-3103.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1991.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Ben Anderson, a pro se Ohio prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, Anderson has filed a motion for a transcript. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Anderson was indicted for felonious assault with a gun specification and two specifications that he had previously been convicted of offenses of violence, aggravated arson, and aggravated burglary. He stipulated to the violence specification, was found guilty of all counts by a jury and was sentenced to concurrent terms of three to fifteen years for felonious assault, five to twenty-five years for aggravated arson, five to twenty-five years for aggravated burglary, and an additional consecutive three year term of actual incarceration for the gun specification. Upon the unsuccessful conclusion of his direct appeal and various post-conviction proceedings, Anderson filed a petition for a writ of habeas corpus in the District Court for the Northern District of Ohio. In support of his request for that relief, he maintained that his conviction was invalid because: 1) his conviction was obtained by the unconstitutional failure of the prosecution to disclose to petitioner favorable evidence; 2) he was denied the right to a speedy trial; 3) his conviction was obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled; 4) he was denied the effective assistance of trial counsel; 5) the judgment was void; 6) he was denied his right of appeal; 7) he was denied the effective assistance of appellate counsel; and 8) there was records tampering. Anderson also asked the court to grant relief "for any other reason this court finds just and proper."
 
 
 3
 Despite the fact that Anderson had failed to exhaust his state court remedies with respect to several of the claims asserted in the petition, a magistrate recommended that the court reach the merits of all of Anderson's claims. The magistrate addressed the merits of Anderson's claims and ultimately recommended that the petition be denied. After reviewing the magistrate's report and recommendation and Anderson's timely objections, the district court rejected the magistrate's recommendation and dismissed the petition because it contained both exhausted and unexhausted claims. Anderson then filed this appeal.
 
 
 4
 Upon review, we conclude that the district court correctly dismissed the habeas corpus petition as a mixed petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982); Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). There are no extraordinary factors in this case that warrant ignoring the issue of nonexhaustion. Cf. Weaver v. Foltz, 888 F.2d 1097, 1100 (6th Cir.1989).
 
 
 5
 Accordingly, the motion for a transcript is denied and the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.