956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randy NEVILLE, Petitioner-Appellant,
v.
Arthur TATE, Jr., Respondent-Appellee.
 No. 91-3486.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Randy Neville, a pro se Ohio prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1986, a Columbiana County, Ohio, jury convicted Neville of one count of aggravated burglary. He was sentenced to a term of ten to twenty-five years imprisonment with a ten year term of actual incarceration. The Court of Appeals of Ohio, Seventh Appellate District, affirmed the judgment of the trial court in an opinion filed March 31, 1989. On July 19, 1989, the Supreme Court of Ohio denied leave to appeal thereto.
 
 
 3
 On August 23, 1989, Neville filed a petition for a writ of habeas corpus ad prosequendum in the Court of Appeals for the Seventh Appellate District of Ohio based on a claim that he was denied the effective assistance of appellate counsel on direct appeal. On September 14, 1989, the Court of Appeals dismissed the petition on the basis that habeas corpus was not an available remedy for addressing Neville's claim. On March 7, 1990, the Supreme Court of Ohio affirmed the judgment of the Court of Appeals, citing In re Petition of Brown, 49 Ohio St.3d 222, 551 N.E.2d 954 (Ohio 1990). See In re Petition of Neville, 49 Ohio St.3d 223, 551 N.E.2d 955 (Ohio 1990).
 
 
 4
 Neville then filed the instant petition for federal habeas corpus relief on August 9, 1990, alleging: 1) that he was denied the effective assistance of appellate counsel; 2) that he was denied a fair trial when the trial court overruled his objection to the hearsay testimony of a third party; and 3) that the trial court erred in allowing the case to go to the jury based solely on inadmissible hearsay testimony and the testimony of a co-defendant. The district court dismissed the petition after concluding that Neville had failed to exhaust available state court remedies with respect to his ineffective assistance of appellate counsel claim.
 
 
 5
 Upon review, we conclude that the district court correctly dismissed the habeas corpus petition as a mixed petition. Rose v. Lundy, 455 U.S. 509, 522 (1982); Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). There are no extraordinary factors in this case that warrant ignoring the issue of nonexhaustion. Cf. Weaver v. Foltz, 888 F.2d 1097, 1100 (6th Cir.1989).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.