974 F.2d 1338
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William CRUMP, Petitioner-Appellant,
v.
Robert LeCUREUX, Respondent-Appellee.
 No. 92-1027.
 United States Court of Appeals, Sixth Circuit.
 Sept. 3, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a pro se habeas corpus action brought pursuant to 28 U.S.C. § 2254 in which petitioner William Crump challenges his 1981 conviction of two counts of armed robbery, one count of criminal sexual conduct in the first degree, and one count of possession of a firearm during the commission of a felony. The district court denied the petition for writ of habeas corpus. Petitioner filed a notice of appeal, and the district court granted a certificate of probable cause. For the reasons that follow, we AFFIRM the judgment of the district court.
 
 I.
 A.
 
 2
 In the early morning of August 26, 1980, in the city of Detroit, a man and woman seated in the front seat of a parked car were accosted by a man at gunpoint. The assailant entered the back seat of the vehicle. He ordered the male victim, who was seated in the driver's seat to hand over his money and jewelry. The male victim was then ordered to exit the vehicle. After he got out, the assailant got into the driver's seat and drove off with the female victim. He drove her to an alley, robbed and raped her. After the rape the assailant ordered the victim out of the car and then drove away.
 
 
 3
 Later that same evening the female victim gave a description of the assailant to the Detroit police. She described her attacker as a black male, 25-30 years old, approximately 160 pounds with a thin build, and a dark complexion. She stated that he was wearing a light shirt with vertical stripes and dark pants.
 
 
 4
 The victim was unable to identify her assailant at two lineups prior to the one in which petitioner appeared on October 7, 1990. Petitioner's presence at that lineup forms the core of this appeal. At approximately 11 a.m. of October 7, the Detroit Police arrested petitioner on information that defendant had raped and robbed a woman named Cheryl Solomon. The police did not have a warrant for petitioner's arrest. Petitioner was placed in a lineup, but Cheryl Solomon was unable to identify him. No arrest warrant was issued on those charges, and petitioner was never arraigned on them.
 
 
 5
 At 2:10 p.m. petitioner was inexplicably placed in a lineup viewed by the male and female victims of the August 16, 1980 attack. At this lineup, the female victim identified petitioner as her assailant. There is no indication that prior to the 2:10 p.m. lineup the police had an arrest warrant or probable cause to hold petitioner on any charges. After the second lineup, a warrant was issued and petitioner was charged with two counts of armed robbery, MCL 750.529, MSA 28.797; one count of first degree criminal sexual conduct, MCL 750.520b, MSA 28.788(2); and one count of possession of a firearm during perpetration of a felony, MCL 750.227b, MSA 28.424(2). Petitioner was later convicted of those charges on May 8, 1981, after a bench trial.
 
 B.
 
 6
 Petitioner was represented by counsel throughout the trial court proceedings. Following conviction, petitioner's appellate court counsel appealed as of right to the Michigan Court of Appeals. The Michigan Court of Appeals confirmed petitioner's conviction in an unpublished decision on April 12, 1983. Similarly, the Michigan Supreme Court declined petitioner's request for review.
 
 
 7
 Petitioner thereafter filed a pro se motion for a new trial in the trial court (Detroit Recorder's Court), claiming that the identification testimony against him should have been suppressed because it was the result of an illegal warrantless arrest, and also that he had been denied effective assistance of counsel at both the trial and appellate level for counsels' failure to challenge the identification testimony. The motion was denied. The Michigan Court of Appeals denied petitioner's appeal of this ruling and the Michigan Supreme Court denied application for leave to appeal.
 
 
 8
 Petitioner next filed a petition for writ of habeas corpus, raising the issues presented to the Michigan appellate court in his two appeals. The matter was referred to a magistrate, who rejected all of petitioner's assignments of error. Petitioner filed partial objections. The district court accepted the report and recommendations to which petitioner did not object, and conducted a de novo review on the remaining five issues. The district court also denied petitioner's writ of habeas corpus.
 
 
 9
 The district court also addressed another issue raised by petitioner in a filing received after petitioner had filed his objections to the report and recommendations entitled "Motion for a Evidentiary Hearing and New Trial Based on Newly Discovered Evidence." Although filed under Fed.R.Civ.P. 60, the district court treated it as a subsequent petition for habeas corpus. In that motion petitioner alleged that newly discovered evidence seriously undermined the identification testimony that was the sole evidence connecting him to the crime. Specifically, petitioner claimed that, via the Freedom of Information Act, he had recently unearthed a police report improperly withheld from his attorney by the police, which allegedly reveals that, on the night of the attack, the female victim described her assailant as "clean shaven"; in contrast to her testimony at trial that her attacker had a mustache. The district court treated the motion as a new petition for habeas relief raising an unexhausted claim, rather than an amendment to the earlier petition. The court then dismissed the earlier petition on the merits and dismissed the motion without prejudice since it contained an unexhausted claim.
 
 
 10
 Petitioner appeals.
 
 II.
 
 11
 We review the district court's ruling of a habeas corpus proceeding de novo to determine whether the petitioner received a fundamentally fair trial. Williams v. Withrow, 944 F.2d 284, 288 (6th Cir.1991) cert. granted, 112 S.Ct. 1664 (1992); Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989); cert. denied, 495 U.S. 950 (1990). However, complete deference is to be accorded to the state court's findings of fact; and the district court's factual findings are subjected to a clearly erroneous standard of review. Id.
 
 A.
 
 12
 Petitioner's first argument on appeal is that the district court erred in failing to personally present him with a copy of the presentence report. Because petitioner failed to object to the magistrate's report and recommendation, he has waived his right to appeal. Thomas v. Arn, 474 U.S. 140, 155 (1955); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991); United States v. Wallens, 638 F.2d 947, 949-50 (6th Cir.1981). In any event, petitioner's claim is without merit since petitioner has failed to show that the information relied upon by the trial court was materially false. Collins v. Buchkoe, 493 F.2d 343, 346 (6th Cir.1974); Thomas v. Foltz, 654 F.Supp. 105, 108 (E.D.Mich.1987). There is no constitutional violation.
 
 B.
 
 13
 Petitioner contends next that the identification testimony should have been suppressed since it was the tainted fruit of an illegal warrantless arrest in violation of his Fourth Amendment rights. Federal habeas review of Fourth Amendment challenges is precluded if the state provided a full and fair opportunity to litigate the claim. Stone v. Powell, 478 U.S. 465 (1976). However, this court has held Powell does not prevent habeas review of a Fourth Amendment claim when the state did not fully and fairly litigate the issue. Riley v. Gray, 674 F.2d 522 (6th Cir.), cert. denied, 459 U.S. 948 (1982); Gilbert v. Parke, 763 F.2d 821, 823 (6th Cir.1985) (citing Riley ). Therefore, on review we must determine (1) whether there is an adequate procedural mechanism for the litigation of Fourth Amendment claims; and (2) whether the mechanism functioned properly in the petitioner's case. Id. at 526. Petitioner in this case apparently first presented the Fourth Amendment issue in his motion for an evidentiary hearing and new trial, which was denied by form order. No evidentiary hearing was ever conducted; and on appeal, neither the Michigan Court of Appeals or the Michigan Supreme Court evaluated the claim. The district court concluded, that petitioner's Fourth Amendment claim was not barred by Powell. On appeal, respondent concedes on appeal that Stone does not apply and that the Fourth Amendment issues were properly considered by the district court.
 
 
 14
 Regarding the first Riley factor, the district court correctly noted that the Michigan courts provide a defendant with an opportunity to file a motion for new trial on the grounds that evidence offered at trial was the fruit of an unlawful arrest. See People v. Brown, 119 Mich.App. 656, 666 (1982); People v. Davis, 102 Mich.App. 403 (1980); see also Bransford v. Brown, 806 F.2d 83, 85 (6th Cir.1986) (stating that Michigan has no recognized rule limiting number of appeals and delayed motion for new trial which can be filed at any time), cert. denied, 481 U.S. 1056 (1987).
 
 
 15
 As for the second element, frustration in fact, respondent has conceded, and the record reflects, that the state courts did not address the Fourth Amendment issue even though they were presented in petitioner's post-conviction motion for a new trial. Thus, we conclude that the state procedural mechanism failed to fully and fairly evaluate petitioner's claim and review by this court of the issue is proper.
 
 
 16
 Assuming that the illegal arrest violated the Fourth Amendment, an evidentiary hearing is not required since petitioner was identified in court by the victim based on a recollection formed at the time of the crime, not at the lineup following the unconstitutional arrest. See United States v. Crews, 445 U.S. 465 (1980) (while photographic and lineup identification were suppressible as the fruit of a concededly unlawful arrest, in-court identification was admissible based on independent recollection of victim's initial encounter with the assailant). Further, the manner in which defendant's presence was obtained is irrelevant to the admissibility of an in-court identification if there is an independent source for that testimony. Id. at 473.
 
 
 17
 The record reflects such independent verification in the present case. At trial the victim testified at length that she had ample opportunity to view the attacker's face on the night of the incident. In any event, the admission of the lineup identification testimony, if error, was harmless. Although in this case, unlike Crews[1], the trial judge relied on both lineup identification and in-court identification, it is clear beyond a reasonable doubt that the judge would have found petitioner guilty without the use of the lineup identification. See, United States v. Hasting, 461 U.S. 499, 510-11 (1983). The victim gave very detailed testimony, evidencing (at the time) a clear, mental image of the assailant. Further, she viewed two previous lineups which did not include petitioner and identified no one. Thus, Crews is controlling.
 
 C.
 
 18
 Third, petitioner argues that the identification testimony should be suppressed because it was obtained as the product of an unreasonable delay in arraigning defendant in violation of Mich.Comp.Law 764.26. Since petitioner failed to object to the magistrate's recommendations as to this claim, he has waived his right to appeal the claim. Arn, 474 U.S. 140; Willis, 931 F.2d 390; Wallens, 638 F.2d 947.
 
 D.
 
 19
 Next, petitioner maintains that he was denied effective assistance of counsel at trial and on appeal. Counsel cannot be deemed constitutionally inadequate unless the counsel's performance fell short of the norms of the legal profession, and a defendant is able to show a reasonable probability "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Given the conclusion that the in-court identification was properly admissible in this case, trial counsel's failure to object to and appellate counsel's failure to appeal the factor and appeal the admission of the lineup identification does not render the counsel's performance ineffective. There is no constitutional error.
 
 E.
 
 20
 Finally, we must evaluate the district court's denial of the motion for an evidentiary hearing and new trial based on newly discovered evidence. Respondent concedes that the claim is of constitutional magnitude,[2] but urges this court to affirm the district court's treatment of the motion as a subsequent petition for writ of habeas corpus.
 
 
 21
 The district court's dismissal on the merits of the exhausted claims not inconsistent with our prior decisions. See, e.g., Hafley v. Sowders, 902 F.2d 480 (6th Cir.1990); Weaver v. Foltz, 888 F.2d 1097 (6th Cir.1989). The issues have been fully litigated and are without merit. As for the district court's dismissal of the unexhausted claim, we likewise affirm since the exhaustion requirement for habeas petitions arises out of principles of comity and federalism "under the notion that state courts should be afforded the first opportunity to address potential constitutional errors in state trials." Pillette, 824 F.2d 494, 498 (6th Cir.1987) (citing Rose v. Lundy, 455 U.S. at 515-16). In this case "there is no indication that the [Michigan] courts will not afford adequate consideration" to Crump's newly discovered evidence. Id.
 
 
 22
 For all the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In Crews, the trial court, upon a pretrial motion, ruled that the products of the arrest--the photographic and lineup identifications--could not be introduced at trial. 455 U.S. at 468
 
 
 [2]
 See Brady v. Maryland, 373 U.S. 83 (1963) (holding that the suppression by the prosecution of evidence which is material to guilt or punishment violates due process). See also United States v. Presser, 844 F.2d 1275, 1282 (6th Cir.1988) (failure to disclose Brady material requires constitutional remedy only if the defendant cannot demonstrate that there is a reasonable probability that "the omission deprived the defendant of a fair trial"); United States v. Christian, 786 F.2d 203, 210 (6th Cir.1986) (same)