12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Eugene HOOPER, Petitioner-Appellant
v.
Patricia CARUSO, Respondent-Appellee
 No. 93-1294.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1993.
 
 On Appeal from the United States District Court for the Western District of Michigan, No. 91-00237; Quist, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: MARTIN and BOGGS, Circuit Judges; and HULL,[1] District Judge.
 
 
 4
 HULL, District Judge.
 
 
 5
 This pro se Michigan prisoner appeals a district court judgment which dismissed his petition for a writ of habeas corpus for lack of exhaustion of state court remedies. The petitioner was convicted by a jury on March 19, 1982 of the delivery of more than 225 grams but less than 650 grams of a mixture containing cocaine, and on April 22, 1982, the petitioner received a mandatory sentence of twenty to thirty years in prison.
 
 
 6
 The petition and response were referred to a magistrate judge, who gave the petitioner thirty days to file a response addressing the question of whether claims III, VI, VIII, IX, XI, XII, XIII, and XV had been fairly presented to the state courts as federal issues. In his response, the petitioner raised an additional ground for the first time, alleging that his appellate counsel had been ineffective, by failing to raise the claims as federal issues. The district court adopted in part the report and recommendation of the magistrate judge finding that grounds VIII, IX, XI, and part of II, which were state evidentiary questions, and claim XV, which concerned the retroactive application of the 1988 amendment to MCL 333.7401(2)(a)(ii): MSA 14.15(7401)(2)(a)(ii), had not been presented to the state courts as federal issues. In addition, the district court noted that the ineffective assistance of appellate counsel had never been raised by the petitioner in the state courts.
 
 
 7
 Upon review, we conclude that this petition was properly dismissed, because the petitioner conceded in his objections to the magistrate's report and recommendation that appellate counsel failed to federalize several state grounds, and because petitioner raised for the first time on appeal a ground of ineffective assistance of appellate counsel. It is clearly settled that as a prerequisite to filing a petition for habeas relief that a state prisoner must not only present the substance of his claim to the highest court in the state, but he must also present his claim as a federal constitutional issue and not merely under state law. Prather v. Rees, 822 F.2d 1418, 1420-1421 (6th Cir.1987).
 
 
 8
 This Court's rulings in Weaver v. Foltz, 888 F.2d 1097 (6th Cir.1989), and Halley v. Sowders, 902 F.2d 480 (6th Cir.1990), do not alter this conclusion. Relying on Weaver and Halley, the petitioner claims that the district court should have resolved those exhausted claims presented in his "mixed" petition. We do not agree.
 
 
 9
 While Weaver recognized that Granberry v. Greer, 481 U.S. 129 (1987), creates an exception to the strict exhaustion doctrine of Rose v. Lundy, 455 U.S. 509 (1982), the Court's opinion emphasized that federal courts are empowered to reach the merits of a mixed petition only in "extraordinary cases" demanding "prompt federal intervention." Weaver, 888 F.2d at 1100. Despite the magistrate judge's prompting, Hooper failed to demonstrate that his case met this heightened standard. Accordingly, we conclude that the district court did not abuse its sound discretion in declining to consider the merits of the petitioner's mixed petition.
 
 
 10
 Accordingly, the judgment of the district court dismissing this petition is affirmed.
 
 
 
 [1]
 The Honorable Thomas G. Hull, U.S. District Judge, United States District Court for the Eastern District of Tennessee, sitting by designation