Dennis Robert LUCEY, Petitioner,

v.

Fabian LAVIGNE, Respondent.

No. 01–CV–71957–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 28, 2001.

Dennis Lucey, Detroit, MI, Pro se.

Laura G. Moody, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent.

### OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING OUTSTANDING MOTIONS

HOOD, District Judge.

Petitioner Dennis Lucey, a state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his re-sentencing proceedings conducted in the Wayne County Circuit Court pursuant to this Court's previous grant of a writ of habeas corpus. For the reasons stated below, this Court concludes that the instant petition must be denied.

### I. Facts and Procedural History

Petitioner was charged with breaking and entering with intent to commit larceny and habitual offender fourth and breaking and entering an occupied dwelling and habitual offender fourth in two state cases in 1989. He pleaded guilty to all of the charges in the Wayne County Circuit Court. In 1990, Wayne County Circuit Judge Prentis Edwards sentenced Petitioner to two and one-half years to fifteen years imprisonment in the first case and to a concurrent term of twenty to forty years imprisonment in the second case.

Petitioner filed a motion for resentencing with the trial court raising several sentencing issues, which was denied. Petitioner also filed an appeal as of right with the Michigan Court of Appeals challenging his sentence on several grounds. The Michigan Court of Appeals remanded the case to the trial court to clarify whether Petitioner's juvenile record played a part in the sentencing decision. *People v. Lucey*, No. 129388 (Mich.Ct.App. Oct. 3, 1991). Petitioner's motion for reconsideration was denied on December 5, 1991.

Following a hearing on remand, the trial court found that Petitioner's juvenile record did not effect the sentencing decision. Petitioner filed another appeal with the Michigan Court of Appeals challenging his sentence, which was denied. *People v. Lucey*, No. 149504 (Mich.Ct.App. July 12, 1993). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied in a

standard order. *People v. Lucey*, 445 Mich. 876, 519 N.W.2d 163 (1994). Petitioner's motion for reconsideration was denied on July 29, 1994.

On October 24, 1994, Petitioner filed a motion for relief from judgment with the trial court raising claims concerning the voluntariness of his guilty plea, his sentencing, and the effectiveness of appellate counsel. He also filed a motion to disqualify Judge Edwards. The trial court granted the motion to disqualify, but denied the motion for relief from judgment on procedural grounds on January 17, 1995. Petitioner did not appeal this decision to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed his first federal petition for a writ of habeas corpus with this Court in 1996, raising the following claims: (1) that his due process rights were violated when the sentencing judge considered an ex parte communication from another judge who was Petitioner's neighbor; (2) that trial counsel was ineffective at sentencing for failure to object to inaccuracies in the presentence report; (3) that he should be resentenced before an unbiased judge; and (4) that the one-year statute of limitations should not be retroactively applied to his petition. This Court granted the petition, finding that the sentencing judge may have been influenced by the ex parte communication, vacated Petitioner's sentence, and ordered resentencing before a different judge. *Lucey v. Caruso*, No. 96–CV–73041–DT (E.D.Mich. July 31, 1998).

On November 30, 1998, Wayne County Circuit Judge Brian Zahra resentenced Petitioner to concurrent terms of sixteen to thirty years imprisonment on his convictions. Following resentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, challenging the sentencing decision on several grounds. The Michigan Court of Appeals affirmed Petitioner's sentences, but remanded the case to the trial court for preparation of a corrected presentence report. *People v. Lucey*, No. 217339, 1999 WL 33409892 (Mich. Ct.App. Nov. 30, 1999). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Lucey*, 462 Mich. 870, 616 N.W.2d 688 (2000).

Petitioner filed the present petition for a writ of habeas corpus on May 22, 2001 and supplemental pleadings on August 3, 2001, raising the following claims as grounds for relief:

I. He should be resentenced or released where his presentence report contains inaccurate, misleading, and improper information and where the sentencing judge did not properly respond to his challenges.

II. He should be resentenced where the court failed to articulate its reasons for the sentences imposed and failed to assure an accurate presentence report.

III. He should be resentenced where the presiding judge failed to follow the court rules when selecting a new judge.

IV. Where the sentencing court agreed with him that certain inaccuracies in the record should be stricken, it was incumbent on the court to order a new report without the offending material rather than running a thin line through it.

V. He is entitled to resentencing where the court failed to recognize that the enhanced sentence provided by the habitual offender statute was not mandatory.

VI. He should be resentenced because the sentencing judge applied the

wrong sentencing guidelines and wrong statute.

VII. He is entitled to an evidentiary hearing to correct the record.

Respondent filed an answer to the petition on November 28, 2001 asserting that the claims should be denied as non-cognizable, unexhausted, and/or meritless.

## II. *Standard of Review*

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996), govern this case because Petitioner filed this habeas petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

In *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Supreme Court:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudi-

cation resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412–13, 120 S.Ct. 1495 (O'Connor, J., delivering the opinion of the Court on this issue).

█ In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 411, 120 S.Ct. 1495. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Su-

preme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412, 120 S.Ct. 1495. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

■ Lastly, § 2254(e)(1) requires that this Court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998).

### III. *Discussion*

#### A. *Inaccurate Information Claims and Evidentiary Hearing Request*

Petitioner claims that he was resentenced based upon inaccurate information contained in his presentence report. Petitioner relatedly claims that the trial court erred by striking out certain information rather than preparing a new presentence report. Petitioner seeks an evidentiary hearing to correct the sentencing record.

■ A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *see also United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. Sammons,* 918 F.2d 592, 603 (6th Cir.1990) (defendant must have a meaningful opportunity to rebut contested information at sentencing). The petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli,* 747 F.2d 356, 358 (6th Cir.1984); *Draughn v. Jabe,* 803 F.Supp. 70, 80 (E.D.Mich.1992).

■ In this case, Petitioner claims that the trial court erroneously sentenced him based upon numerous "juvenile contacts" with police that did not result in an arrest or charge. Even assuming that the presentence report erroneously referenced such information, the trial court stated that it gave very little consideration to Petitioner's juvenile record. Moreover, Petitioner and his counsel had an opportunity to challenge the presentence report and raised several objections, which were addressed by the trial court. The Michigan Court of Appeals further ordered that a corrected presentence report be prepared. This Court thus concludes that Petitioner has not demonstrated that his sentence was carelessly or deliberately pronounced based upon an extensive or materially false foundation, nor has he shown that the Michigan Court of Appeals' decision in this regard is contrary to federal law or an unreasonable application thereof. An evidentiary hearing is not required to correct any alleged inaccuracies in the presentence report. Petitioner is not entitled to habeas relief on these claims.

#### B. *Remaining Sentencing Claims*

Petitioner also claims that he is entitled to habeas relief because the trial court failed to articulate sufficient reasons for his new sentence under state law, failed to follow court rules in selecting a new judge, failed to recognize that enhanced habitual offender sentences are not mandatory under state law, and applied the wrong sentencing guidelines.

■ Wide discretion is accorded a state trial court's sentencing decision. Claims arising out of that decision are not generally cognizable upon federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Haynes v. Butler,* 825 F.2d 921, 923 (5th Cir.1987). Although Petitioner

cites the Fourteenth Amendment to the Constitution in his petition, his arguments concerning the instant claims are based solely upon state law. Because Petitioner alleges only errors of state sentencing law, his claims are not cognizable on habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) ("federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."); *Draughn v. Jabe,* 803 F.Supp. 70, 81 (E.D.Mich.1992) (same); *Thomas v. Foltz,* 654 F.Supp. 105, 106–07 (E.D.Mich.1987) (petitioner had no state-created interest in having state sentencing guidelines applied rigidly in determining his sentence). Moreover, as noted by the Michigan Court of Appeals, the record indicates that the trial court sufficiently articulated the reasons for its sentencing decision, properly reassigned his case to another judge for resentencing, and appropriately exercised its discretion in sentencing Petitioner as a habitual offender.

■ Additionally, to the extent that Petitioner may be claiming that his sentence constitutes cruel and unusual punishment under the Eighth Amendment, he is not entitled to habeas relief. In *Harmelin v. Michigan,* 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the United States Supreme Court ruled that a mandatory life sentence without possibility of parole for a first offense of possession with intent to distribute more than 650 grams of cocaine was not cruel and unusual punishment prohibited by the Eighth Amendment. Following *Harmelin,* the Sixth Circuit ruled that "there is no requirement of strict proportionality; the Eighth Amendment is offended only by an extreme disparity between crime and sentence." *United States v. Hopper,* 941 F.2d 419, 422 (6th Cir.1991). Additionally, the Sixth Circuit has stated that "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir.1995) (refusing to disturb an HIV-positive defendant's sentence of 110 months imprisonment with four years of supervised release for one count of distributing crack cocaine and one count of possession with intent to deliver).

Petitioner was sentenced to concurrent terms of sixteen to thirty years imprisonment on his breaking and entering convictions as a fourth habitual offender. The trial court acted within its discretion in imposing sentence. This Court concludes that there is no extreme disparity between Petitioner's crimes and sentence so as to offend the Eighth Amendment. Petitioner is thus not entitled to habeas relief on these claims.

## IV. *Conclusion*

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented. Accordingly, the Court **DENIES** the petition for a writ of habeas corpus. Additionally, given this determination, the Court also **DENIES** Petitioner's outstanding motions for writ of habeas corpus ad testificandum (docket no. 31), for appointment of counsel (docket no. 32), for writ of habeas corpus ad testificandum and duces tecum (docket no. 33), for stipulating jurisdiction and bail (docket no. 35), for summary judgment (docket no. 58), and for discovery (no docket number).

**IT IS SO ORDERED.**