**William Kenneth ATKINS, Petitioner,**

v.

**William OVERTON, Respondent.**

Civ. A. No. 93–CV–70471–DT.

United States District Court, E.D. Michigan, S.D.

Feb. 1, 1994.

William K. Atkins, in pro per.

Becky M. Lamiman, Michigan Dept. of Atty. Gen., Appellate Div., Lansing, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

GADOLA, District Judge.

### I.

Petitioner, William Kenneth Atkins ("Petitioner"), presently confined at the Adrian Temporary Facility in Adrian, Michigan, has filed this *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his sentences for two armed robberies.

Petitioner pleaded guilty to two armed robberies committed three days apart. Petitioner used a .25 caliber automatic pistol in both robberies. In the first robbery he forced John Trenkle to withdraw and relinquish $250 from an automatic teller machine (ATM) after brandishing a gun. In the second robbery he tried to force Mary Sue Denham to withdraw money for him at another ATM after showing her a gun and informing her he was robbing her. When she became too upset to do so, he stole three rings from her valued at $900.

Petitioner was sentenced to two concurrent terms of 10 to 30 years for the two Michigan armed robberies.[1] He had a previous convic-

---

1. Petitioner asserts that he "was informed by his Trial Counsel that if petitioner would plead guilty that he would receive 4 to 20 years." Petition at 1. Respondent asserts that "[t]he plea bargain did not include any agreement as to sentence." Respondent's Answer at 2.

The plea agreement was placed on the record. The plea agreement contains no reference to a sentence recommendation by the prosecution. Plea Agreement Transcript ("Plea Tr.") at 3–5. The sentencing judge informed Petitioner that "[t]he maximum penalty for each of those [armed robbery] offenses is life or any term of years." Plea Tr. at 5. Neither Petitioner, nor his attorney voiced any objection to the prosecu-

tor's summary of the plea agreement, nor to the judge's statement regarding the maximum sentence. Petitioner testified that he had not been promised anything in exchange for his guilty plea. Plea Tr. at 9.

Petitioner's sentencing hearing was held on February 26, 1991. Petitioner's attorney addressed the court about jail credit. Sentencing Tr. at 2–3. Petitioner told the judge that he had no additions or corrections to make to the presentencing report. Sentencing Tr. at 3. At this hearing neither Petitioner, nor his attorney expressed any concerns regarding the length of Petitioner's sentence, or about any misstatements or omissions regarding the plea agreement.

tion in California for armed robbery involving use of a firearm and another California conviction for possession/selling of a dangerous weapon while imprisoned prior to committing the two armed robberies in Michigan. In exchange for his guilty pleas and his cooperation in solving other robberies he was suspected of committing, the prosecution agreed not to charge him with any additional armed robberies.[2]

Petitioner contends that his concurrent 10 to 30 year prison sentences are too long. He maintains that his sentences violate the United States Constitution's prohibition against cruel and unusual punishment, claiming that the sentences "imposed upon him were *not* proportionate either to the offense involved, nor to Petitioner as an individual." Petitioner's Brief at 1 (emphasis in original). He "requests that this Court vacate his sentence and remand his case to the trial court for resentencing before a different judge, consistent with the principle of proportionality and current Federal and Michigan law." Petitioner's Brief at 3.

For the reasons explained below, this Court concludes that, although they are not short, Petitioner's concurrent 10 to 30 year sentences do not violate any principle of proportionality found in the Eighth Amendment. Therefore, his petition for writ of habeas corpus shall be denied.

## II.

■ Petitioner contends that his sentence is disproportionate to his crime under principles established by *People v. Milbourn*, 435 Mich. 630, 461 N.W.2d 1 (1990). Petitioner's

claim that his sentence violates the proportionality principle of *People v. Milbourn* does not state a claim cognizable in federal habeas corpus. To the extent that Petitioner argues under Michigan state sentencing law, "his claim is not cognizable in habeas because it is a state law claim." *Thomas v. Foltz*, 654 F.Supp. 105, 107 (E.D.Mich.1987). Claimed violations of state law are not cognizable in federal habeas corpus. 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29 (1983).

■ Petitioner's claim that his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment states a claim cognizable in federal habeas corpus. In *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), a sharply divided court held that a parolable life sentence for an offender's third non-violent property related offense did not violate the Eighth Amendment.[3] The offenses were felonious presentation of a credit card with intent to defraud another of about $80, feloniously passing a forged check with a face value of $28.36, and obtaining $120.75 under false pretenses by accepting this amount in return for promising to repair an air conditioner and failing to repair it. *Rummel v. Estelle*, 445 U.S. at 285–86, 100 S.Ct. at 1145.

In *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (*per curiam*), the court held that a 40 year sentence for possessing with intent to deliver 9 ounces of marijuana did not violate the Eighth Amendment, despite the fact that Davis was not punished as a repeat offender. *See Hutto v. Davis*, 454 U.S. at 383–84, 102 S.Ct. at 710 (Brennan, J., dissenting).

---

This Court concludes that Respondent is correct that there was no plea agreement as to sentence.

**2.** The prosecution also agreed not to formally charge Petitioner with being a habitual offender. However, this did not effect Petitioner's maximum sentence exposure. Under Michigan law, an offender convicted of two prior felonies who is convicted of a subsequent felony punishable by a term less than life for a first conviction and of being an habitual offender, may be sentenced to a prison term not more than twice the length of the maximum penalty for a first offender committing the subsequent felony. M.C.L. § 759.-11(1)(a). However, if the subsequent felony is punishable by life imprisonment upon a first

conviction, an offender convicted as a habitual offender may simply be punished by "imprisonment for life or a lesser term." M.C.L. § 769.-11(1)(b).

Petitioner pleaded guilty to two armed robberies. Armed robbery is "punishable by imprisonment in the state prison for life or for any term of years" upon a first conviction. M.C.L. § 750.-529. Thus, he would not have been subject to any greater penalty if he had been convicted of being a habitual offender.

**3.** Three other Justices signed Justice Rehnquist's opinion, Justice Stewart concurred in the result, and four Justices dissented.

In *Solem v. Helm*, the Supreme Court held "as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983) (holding that an offender's sentence of life imprisonment without possibility of parole for writing a no account check of $100.00 was "significantly disproportionate to his crime, and is therefore prohibited by the Eighth Amendment," despite the offender having six prior non-violent relatively minor felonies).

The *Solem* court distinguished *Solem* from *Rummel* on the basis of the fact that the prisoner in *Solem* was sentenced to life imprisonment without possibility of parole, while the prisoner in *Rummel* was sentenced to a parolable life sentence. *Solem v. Helm*, 463 U.S. at 300–03, 103 S.Ct. at 3015–16. Furthermore, in finding that the prisoner's punishment was disproportionate to his crime, the *Solem* court strongly emphasized the non-violent nature of the prisoner's offense, writing that "Helm's crime was one of the most passive felonies a person could commit." *Solem v. Helm*, 463 U.S. at 296, 103 S.Ct. at 3013.

In *Solem* the Supreme Court stated that the first factor to be analyzed in a proportionality determination is "the gravity of the offense and the harshness of the penalty," and it is appropriate to "examin[e] the circumstances of the defendant's crime in great detail." *Solem v. Helm*, 463 U.S. at 290–91, 103 S.Ct. at 3010.

Furthermore, the Sixth Circuit has stated that "[a]s the Supreme Court made clear in *Solem v. Helm* [ ] it is not normally the role of an appellate court to second-guess the trial judge's determination of an appropriate sentence. Rather, an appellate court must determine only whether the sentence imposed is so grossly disproportionate to the crime as to constitute cruel and unusual punishment.... Not every case will require an extensive proportionality analysis using the factors set out in *Solem*. Indeed in *Solem* itself the Court suggested that in light of the deference that should be accorded legislatures and sentencing courts, a reviewing court will *rarely* be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *United States v. McCann*, 835 F.2d 1184, 1188 (6th Cir.1987) (internal quotations and citations omitted) (emphasis in original).

Moreover, *Solem* has been limited by *Harmelin v. Michigan*, where the Supreme Court held that a mandatory life sentence without possibility of parole for a first offense of possession with intent to distribute more than 650 grams of cocaine was not cruel and unusual punishment prohibited by the Eighth Amendment. *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). The Sixth Circuit has ruled that following *Harmelin*, "there is no requirement of strict proportionality; the eighth amendment is offended only by an extreme disparity between crime and sentence." *U.S. v. Hopper*, 941 F.2d 419, 422 (1991).

Summarizing the applicable U.S. Supreme Court cases we find that in *Rummel* the court ruled that a parolable life sentence for a third non-violent property offense was constitutional, in *Hutto* the court ruled that a 40 year parolable sentence for a first offense of possessing 9 ounces of marijuana with intent to deliver was constitutional, in *Solem* the court ruled that a non-parolable life sentence for a seventh non-violent property offense was unconstitutional, and in *Harmelin* a mandatory non-parolable life sentence for a first offense of possession with intent to distribute more than 650 grams of cocaine was constitutional.

■ Petitioner was sentenced to two concurrent 10 to 30 year terms. The maximum sentence in Michigan for armed robbery is life imprisonment or any term of years. M.C.L. § 750.529. Petitioner received a relatively lengthy sentence for his two armed robberies. He did not, however, receive life imprisonment, still less life without possibility of parole. Although his maximum sentence is very long, his minimum term is much shorter.

Armed robbery is not a non-violent, passive crime. On the contrary, armed robbery is an assaultive crime; an assault is an essential element of the crime. M.C.L. § 750.529.

Furthermore, every armed robbery is inherently dangerous and can easily lead to murder if the victim unsuccessfully resists, the perpetrator panics, or the perpetrator maliciously decides to eliminate a witness or compound the punishment of his victim. The record does not indicate that Petitioner physically harmed his victims. However, this does not mean that Petitioner's crimes may properly be considered non-violent offenses. There is little or no doubt that Petitioner struck fear in the hearts of his victims. There is also no doubt that he placed their lives at risk while depriving them of their property.

Additionally, while Petitioner was not formally charged as a habitual offender, the record reveals that he had two prior felony convictions before pleading guilty to two armed robberies. Both of his prior convictions involved weapons. One of them was another armed robbery involving a firearm. He was on parole from one of the California convictions when he committed the armed robberies to which he pleaded guilty.

 "Trial judges are given broad discretion in sentencing under our system. Many matters other than the facts proven at trial may enter into the sentencing decision." *Fabiano v. Wheeler*, 583 F.2d 265, 270 (6th Cir.1978). "Today's philosophy of individualizing sentences makes sharp distinctions for example between first and repeated offenders." *Williams v. New York*, 337 U.S. 241, 248, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). While Petitioner was not charged under Michigan's habitual offender statute, the sentencing judge was entitled to consider Petitioner's prior convictions and parole status when imposing sentence upon him.

Petitioner pleaded guilty to two violent felonies involving the use of a pistol. He had two prior felonies involving weapons, including another armed robbery. He was on parole when he committed the Michigan armed robberies. He deprived his victims of substantial amounts of property, robbing them while armed and endangering their lives. His minimum sentence is 10 years, while his maximum sentence is 30 years. He will be eligible for parole after serving his minimum sentence. Applying Supreme Court and Sixth Circuit precedent to the facts and circumstances of this case, this Court concludes that Petitioner's sentence of 10 to 30 years does not violate the Eighth Amendment's constitutional prohibition against grossly or extremely disproportionate punishment.

Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is DENIED.