47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kevin Louis THOMAS, Petitioner-Appellant,
v.
Tom CAMPBELL, Warden; Attorney General, Commonwealth of
Kentucky, Respondents-Appellees.
 No. 94-5887.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1995.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Kevin Louis Thomas appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Following a jury trial in the Carroll County, Kentucky, Circuit Court in May 1992, Thomas was convicted of first degree robbery. Thomas was sentenced to 12 years of imprisonment. Thomas's conviction was affirmed by the Kentucky Court of Appeals on direct appeal, and the Kentucky Supreme Court denied discretionary review.
 
 
 3
 Next, Thomas filed his petition in the district court alleging that: (1) inadequate evidence supports his conviction; and (2) evidence obtained through an illegally obtained search warrant should have been suppressed. The magistrate judge recommended that the petition be dismissed as without merit, and Thomas filed an objection. The district court adopted the magistrate judge's recommendation and dismissed the petition but granted Thomas a certificate of probable cause to appeal. On appeal, Thomas argues the two grounds for relief he asserted in the district court.
 
 
 4
 First, petitioner's Fourth Amendment claim has been waived because he did not address the magistrate judge's conclusion that the claim lacked merit in his objections to the report and recommendation. See Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Further, the magistrate judge correctly concluded that this claim is barred by procedural default, and petitioner cannot show cause or prejudice to excuse the default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Moreover, this Fourth Amendment claim is simply not cognizable in habeas corpus. See Stone v. Powell, 428 U.S. 465, 494-95 (1976).
 
 
 5
 Further, petitioner's sufficiency of the evidence claim is without merit. Constitutionally adequate evidence exists where, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). First degree robbery is defined as theft using or threatening the immediate use of physical force, and either: (a) physical injury to any person who is not a participant in the crime; or (b) done while armed with a deadly weapon; or (c) done using or threatening the immediate use of a dangerous instrument upon any person who is not a participant in the crime. Ky. Rev. Stat. Sec. 515.020. Second degree robbery is similarly defined under Ky. Rev. Stat. Sec. 515.030 omitting the element of physical injury, use of a deadly weapon, or use of a dangerous instrument specified in Sec. 515.020(a), (b), and (c) above. The Kentucky Court of Appeals and the district court concluded that constitutionally adequate evidence exists to support the first degree robbery conviction.
 
 
 6
 The pertinent facts are straightforward. Petitioner admitted at trial that he obtained $251 from a motel desk clerk by showing her an object which petitioner testified was the handle of a whisk broom concealed in his jacket pocket and by demanding money from the cash register. The desk clerk testified that petitioner showed her what appeared to her to be the outline of a gun barrel protruding from inside petitioner's jacket pocket and told her he had a gun. Petitioner was arrested in his car a short time after the robbery in possession of the money and a whisk broom but unarmed. The judge instructed the jury with respect to both first and second degree robbery.
 
 
 7
 Petitioner contends that the facts of this case are indistinguishable from those in Williams v. Commonwealth, 721 S.W.2d 710 (Ky. 1986), in which the Kentucky Supreme Court held that one who obtained money by asking a store clerk, "Do you want your life?" while having an unidentifiable bulge in his pants pocket could not be convicted of first degree robbery. More recently however, that court held that evidence of a bare representation that one is armed with a demand for money is evidence sufficient to sustain a first degree robbery conviction. Swain v. Commonwealth, S.W.2d, 1994 WL 528546 (Ky. Sept. 29, 1994). Here, the facts of petitioner's case are distinguishable from those involved in the Williams case because petitioner admittedly undertook to convince the victim that he was armed using a facsimile, and evidence was introduced that petitioner specifically stated that he had a gun. Further, the evidence presented at petitioner's trial clearly supports a first degree robbery conviction as discussed in Swain. Similarly, this court's decision in United States v. Perry, 991 F.2d 304 (6th Cir. 1993), is easily distinguished.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.