PEOPLE v OLIVER

Docket No. 218342. Submitted May 10, 2000, at Grand Rapids. Decided
    July 28, 2000, at 9:10 A.M.

Ricky D. Oliver was convicted by a jury in the Cass Circuit Court,
    Michael E. Dodge, J., of failure to stop at a serious injury vehicle
    accident. He was sentenced to three to five years in prison. The
    accident occurred when the driver of a vehicle that the defendant
    had been pushing with his vehicle lost control and struck a vehicle
    coming from the opposite direction, killing its driver. After he
    stopped his vehicle and looked back toward the accident, the
    defendant drove away and hid his vehicle. The defendant appealed,
    alleging that he was not "involved in" the accident, as required by
    MCL 257.617(1); MSA 9.2317(1), because his vehicle was not in
    contact with the vehicle being pushed when that vehicle's driver
    lost control.

    The Court of Appeals held:

    1. The defendant's conduct falls within the plain meaning of the
    term "involved," which includes "implicated" and "concerned in
    some affair, esp. in a way likely to cause danger or unpleasant-
    ness." The evidence showed that the defendant clearly played a
    part in the accident despite the fact that his vehicle did not strike
    or come in contact with another vehicle. The defendant was impli-
    cated in or connected with the accident in a logical or substantial
    manner.

    2. The defendant need not have caused the accident in order to
    have been involved in it. The fact that the defendant was acquitted
    of charges of involuntary manslaughter and negligent operation of
    a vehicle causing homicide is not inconsistent with a finding that
    he was involved in the accident for purposes of MCL 257.617; MSA
    9.2317.

    3. The defendant's sentence is proportionate. The court did not
    abuse its discretion in sentencing the defendant.

    Affirmed.

AUTOMOBILES — SERIOUS INJURY ACCIDENTS — DRIVER'S DUTY TO STOP —
    WORDS AND PHRASES — INVOLVED IN.

The provisions of MCL 257.617(1); MSA 9.2317(1) require the driver of
    a vehicle who knows or has reason to believe that the driver has

been involved in a serious injury accident to stop the driver's vehicle at the scene of the accident and remain there until the requirements of MCL 257.619; MSA 9.2319 are fulfilled; a driver can be "involved in" an accident even if the driver's vehicle does not strike or physically touch another vehicle where the driver is implicated in or connected with the accident in a logical or substantial manner.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Scott L. Teter*, Prosecuting Attorney, and *J. Ronald Kaplansky*, Assistant Attorney General, for the people.

State Appellate Defender (by *Valerie R. Newman* and *Jacqueline J. McCann*), for the defendant on appeal.

Before: DOCTOROFF, P.J., and SAWYER and CAVANAGH, JJ.

PER CURIAM. After a jury trial, defendant was convicted of failure to stop at a serious injury accident, MCL 257.617; MSA 9.2317.[1] Defendant was sentenced to three to five years' imprisonment. He appeals as of right. We affirm.

This case arose out of a fatal vehicle accident that occurred near the intersection of US-12 and Conrad Road in Cass County. Defendant, who was driving a Jeep Wagoneer, was pushing a small Honda driven by his friend, Bill Alexander, down the westbound lane of US-12. The Jeep did not maintain continuous contact with the Honda. Rather, the Jeep would bump the Honda, which would then coast. When the Honda slowed down, the Jeep would again bump the Honda.

---

[1] Defendant was acquitted of involuntary manslaughter, MCL 750.321; MSA 28.553, and negligent operation of a vehicle causing homicide, MCL 750.324; MSA 28.556.

At one point, the Jeep bumped the Honda, Alexander lost control of the Honda, swerved onto the right shoulder, and then veered into the eastbound lane of US-12. The Honda struck a vehicle traveling in the eastbound lane, killing its driver, Arthur Lauri. An accident reconstructionist with the Michigan State Police testified that the Honda was traveling at fifty-seven miles an hour when Alexander lost control.

According to testimony admitted at trial, immediately after the accident, defendant stopped on the right shoulder of the highway, put his head out of the window, looked back toward the accident, and then drove off. Defendant drove to a friend's house and hid the Jeep behind a shed in the friend's yard. Alexander ran to a wooded area near the scene of the accident, watched the police and emergency technicians, who had been summoned by another motorist, process the scene, and then walked home.[2] After tracking down and interviewing Alexander, the police found defendant and the Jeep at his friend's house.

On appeal, defendant first argues that the prosecutor failed to prove beyond a reasonable doubt that he was guilty of leaving the scene of a serious injury accident under MCL 257.617; MSA 9.2317. We disagree. When reviewing a claim regarding the sufficiency of the evidence, this Court views the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were

---

[2] Alexander was charged with involuntary manslaughter, negligent operation of a vehicle causing homicide, and leaving the scene of a serious injury accident. He pleaded guilty to the charge of leaving the scene of a serious injury accident and agreed to testify against defendant in exchange for the dismissal of the involuntary manslaughter and negligent homicide charges.

proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). We review questions of statutory interpretation de novo. *People v Morey*, 461 Mich 325, 329; 603 NW2d 250 (1999).

MCL 257.617; MSA 9.2317 provides:

> (1) The driver of a vehicle who knows or who has reason to believe that he or she has been involved in an accident upon either public or private property, when the property is open to travel by the public, resulting in serious or aggravated injury to or death of a person shall immediately stop his or her vehicle at the scene of the accident and shall remain there until the requirements of section 619 [MCL 257.619; MSA 9.2319] are fulfilled. The stop shall be made without obstructing traffic more than is necessary.
>
> (2) A person who violates subsection (1) is guilty of a felony punishable by imprisonment for not more than 5 years or by a fine of not more than $5,000.00, or both.
>
> (3) The secretary of state shall suspend the operator's or chauffeur's license of the person convicted under this section as provided in section 319.

MCL 257.619; MSA 9.2319 presently provides:

> The driver of any vehicle who knows or who has reason to believe that he or she has been involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his or her name, address, and the registration number of the vehicle he or she is driving, also the name and address of the owner, and exhibit his or her operator's or chauffeur's license to a police officer or the person struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance in securing medical aid or transportation of injured person or persons.

Defendant contends that he was not "involved in" the accident, as required by MCL 257.617(1); MSA 9.2317(1), because his vehicle was not in contact with the Honda when the Honda swerved onto the right shoulder immediately before it veered into the eastbound lane and struck the decedent's vehicle. However, we reject defendant's contention that a vehicle cannot be "involved in" an accident if it does not strike or physically touch another automobile. There are no reported cases in this state that construe the phrase "involved in" as it is used in MCL 257.617(1); MSA 9.2317(1). Our construction of that phrase is governed by the rules of statutory construction.

The primary rule of statutory construction is to ascertain and give effect to the intent of the Legislature. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). To determine the Legislature's intent, we first look to the language of the statute. *Id.* If the language of the statute is unambiguous, the statute should be applied as written and judicial construction is not permitted. However, if the statutory language is ambiguous, a court may go beyond the words of the statute to determine the Legislature's intent. *Id.* The court must look to the object of the statute and the harm it was designed to remedy and apply a reasonable construction that best accomplishes the statute's purpose. *People v Adair*, 452 Mich 473, 479-480; 550 NW2d 505 (1996).

The phrase "involved in" is not defined in the statute. Therefore, we look to a dictionary for its definition. *Morey, supra* at 330. The relevant dictionary definitions of "involved" include "implicated," and "concerned in some affair, esp. in a way likely to cause danger or unpleasantness." *Random House Webster's*

*College Dictionary* (2d ed, 1997). According to the plain meaning of the term "involved," defendant's conduct falls within MCL 257.617(1); MSA 9.2317(1). The prosecutor presented evidence that defendant's Jeep pushed the Honda, which could not run on its own power, down the highway at approximately fifty-seven miles an hour. The driver of a vehicle traveling behind defendant's Jeep testified that he witnessed the Jeep strike the rear bumper of the Honda just before the Honda began to veer off the road and out of control. Alexander testified that it was the impact of defendant's Jeep that caused him to begin to lose control of the Honda.

The evidence indicated that defendant clearly played a part in the accident despite the fact that his vehicle did not strike or come into contact with another vehicle. We conclude that defendant was "involved in" the accident because the evidence demonstrated that he was implicated in or connected with the accident in a logical or substantial manner.[3] Furthermore, we find no merit in defendant's argument that his acquittal of the charges of involuntary manslaughter and negligent operation of a vehicle causing homicide demonstrates that he was not involved in the accident. His acquittal of those charges is not inconsistent with a finding that he was

---

[3] See *People v Kerger*, 191 Ill App 3d 405, 410; 548 NE2d 36 (1989) (the defendant was involved in an accident when she swerved to miss a pedestrian who was then struck by a vehicle following directly behind the defendant; "involved" means implicated in an accident or connected with the accident in a substantial manner); *People v Bammes*, 265 Cal App 2d 626, 631; 71 Cal Rptr 415 (1968) (the defendant was involved in an accident when she pulled into the path of a station wagon, causing the station wagon to swerve and be struck by a logging truck; a defendant is involved in an accident if his conduct was connected with the accident in a natural or logical manner).

involved in the accident for the purposes of MCL 257.617; MSA 9.2317. Defendant need not have caused the accident in order to have been "involved in" the accident.

We therefore conclude that the prosecutor presented sufficient evidence to establish beyond a reasonable doubt that defendant was involved in the accident for the purposes of MCL 257.617; MSA 9.2317.

Defendant also contends that his sentence of three to five years' imprisonment was disproportionate. We disagree. We review sentencing decisions for an abuse of discretion. *People v Milbourn*, 435 Mich 630, 635-636; 461 NW2d 1 (1990).

The principle of proportionality requires that a sentence be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Id.* at 636. A sentence that violates the principle of proportionality constitutes an abuse of discretion. *Id.* Permissible factors that may be considered by the court when imposing a sentence include the severity and nature of the crime, the circumstances surrounding the criminal behavior, the defendant's attitude toward his criminal behavior, the defendant's social and personal history, and the defendant's criminal history, including subsequent offenses. *People v Bryars*, 168 Mich App 523, 526-527; 425 NW2d 125 (1988); *People v Ross*, 145 Mich App 483, 495; 378 NW2d 517 (1985).

Here, when sentencing defendant, the trial court noted defendant's irresponsible conduct in leaving the scene of a serious accident and attempting to hide his involvement in the accident. The trial court also considered defendant's extensive criminal record, which

includes numerous driving offenses. The trial court specifically noted that, while defendant was out on bond with regard to the instant charges, he was arrested on charges of felony drunk driving in Indiana and that he had violated the sentence of probation resulting from those charges. On the basis of these considerations, we conclude that defendant's sentence was proportionate to the circumstances of the offense and the offender.

Furthermore, we reject defendant's argument that his sentence is disproportionate under the new, legislatively enacted, sentencing guidelines. The new sentencing guidelines apply to crimes committed on or after January 1, 1999. MCL 769.34(1) and (2); MSA 28.1097(3.4)(1) and (2). Defendant's crime was committed before the effective date of the new guidelines. Therefore, the new guidelines have no bearing on his sentence.

We therefore conclude that the trial court did not abuse its discretion in sentencing defendant.

Affirmed.