Timothy C. **WHITFIELD**, Mdoc Inmate No. 240923, Federal Inmate No. 20007–039, Petitioner,

v.

**Bill MARTIN, Respondent,**

No. 00–CV–74657–DT.

United States District Court, E.D. Michigan, Southern Division.

June 18, 2001.

---

Timothy Whitfield, Mareuisco, MI, for Timothy Cornelius Whitfield, Petitioner.

Vincent J. Leone, Raina I. Korbakis, Michigan, Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Pill Martain, Respondent.

*OPINION AND ORDER DENYING PE-TITION FOR WRIT OF HABEAS CORPUS, GRANTING RESPON-DENT'S MOTION FOR SUMMARY JUDGMENT [10–1], DENYING PE-TITIONER'S MOTION OBJECTING TO PROCEDURAL DEFENSES [13–1], AND DENYING PETITION-ER'S MOTION FOR DEFAULT JUDGMENT [21–1]*

TARNOW, District Judge.

Timothy C. Whitfield, ("petitioner"), presently confined at the Federal Correctional Institute in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Whitfield was confined at the Michigan Department of Corrections' Ojibway Correctional Facility in Marenisco, Michigan at the time he filed his Petition. In his *pro se* application, petitioner challenges his conviction and sentence on one count of financial transaction device-false statement of identity, M.C.L.A. 750. 157v; M.S.A. 28.354. For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED**.

## I. BACKGROUND

Petitioner pleaded guilty to the above charge in the Genesee County Circuit Court and was sentenced to two (2) to four (4) years in prison. Petitioner's conviction was affirmed on appeal. *People v. Whitfield*, 223674 (Mich.Ct.App. March 1, 2000); *lv. den.* 617 N.W.2d 559 (2000). Petitioner now seeks habeas relief on the following grounds:

I. Defendant–Appellant's sentence was not proportionate to the seriousness of the offense.

II. The 1999 [Michigan] Sentencing Guidelines should have applied to Defendant–Appellant's sentence.[1]

## II. STANDARD OF REVIEW

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir.1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). A federal habeas

---

**1.** Petitioner initially raised two additional grounds for relief which had not been exhausted with the Michigan courts. On March 12, 2001, this Court granted petitioner's mo-

tion to amend his habeas petition to delete these two remaining unexhausted claims, in lieu of dismissing the application for writ of habeas corpus as being a mixed petition.

court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 1522.

## III. *DISCUSSION*

### A. The motion for default judgment will be denied.

■■■ Petitioner has filed a motion for default judgment, on the ground that respondent was late in filing their supplemental answer to his amended petition. A default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the petition. *Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir.1970). Moreover, in their motion for *instanter,* respondent's attorney indicates that she did not receive a copy of the Court's order amending the petition and ordering a supplemental response until March 27, 2001. Respondent's attorney filed an answer to the petition the following day. There is no indication of purposeful delay on the part of respondent in answering the petition. This Court has the discretion in extending the time to file a response to a habeas corpus petition. *Clutchette v. Rushen,* 770 F.2d 1469, 1474–1475 (9th Cir.1985). Accordingly, the Court will deny the motion for default judgment and grant the respondent's motion for *instanter.*

### B. The individual claims.

### I. Claim # 1. The proportionality claim.

■■■ Petitioner first claims that his sentence of two to four years imprisonment violates the principle of proportionality. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *Hanks v. Jackson,* 123 F.Supp.2d 1061, 1075 (E.D.Mich.2000)(Gadola, J.). The U.S. Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan,* 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001, 111 S.Ct. 2680.

■■■ Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare". *Rummel v. Estelle,* 445 U.S. 263, 272, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *Seeger v. Straub,* 29 F.Supp.2d 385, 392 (E.D.Mich.1998). A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding where there is no claim that the sentence violates the cruel and unusual punishment clause of the Eighth Amendment. *Hanks v. Jackson,* 123 F.Supp.2d at 1075. Petitioner's claim that his sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *Atkins v. Overton,* 843 F.Supp. 258, 260 (E.D.Mich.1994)(Gadola, J.). Petitioner is not entitled to habeas relief on his first claim.

### II. Claim # 2. The sentencing guidelines claim.

■■■ Petitioner next claims that the trial court erred in failing to apply the new

Michigan Sentencing Guidelines that were enacted by the Michigan legislature to replace the older version of the Michigan Sentencing Guidelines that had been adopted by the Michigan Supreme Court. The new sentencing guidelines apply to crimes committed on or after January 1, 1999. *People v. Oliver*, 242 Mich.App. 92, 99, 617 N.W.2d 721 (2000); M.C.L.A. 769.34(1) and (2); M.S.A. 28.1097(3.4)(1) and (2). In the present case, petitioner indicates that the offense that he was convicted of was committed on March 7, 1997. The ameliorative penalty provisions of the legislative sentencing guidelines have only prospective effect and apply only to offenses committed on or after January 1, 1999, such that the older judicial guidelines continue to apply to felonies committed before that date. *See People v. Reynolds*, 240 Mich.App. 250, 253–254, 611 N.W.2d 316 (2000). Because petitioner's offense occurred prior to January of 1999, the trial court did not abuse its discretion under Michigan law in declining to use the new legislative guidelines in fashioning petitioner's sentence. *People v. Oliver*, 242 Mich. App. at 99, 617 N.W.2d 721.

In any event, petitioner's claim involving the trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review. *See Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D.Mich.1999)(Gadola, J.). To the extent that petitioner is claiming that his sentence violates the Michigan state sentencing guidelines, his claim is not cognizable in a habeas proceeding because it is a state law claim. *Thomas v. Foltz*, 654 F.Supp. 105, 106–107 (E.D.Mich.1987)(Cohn, J.). Because petitioner's claim that his state sentence violates due process is based to a large degree upon an alleged violation of Michigan state law, petitioner has failed to state a claim upon which habeas relief could be granted. *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir.2000).

## IV. *ORDER*

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus [Docket # 3] is **DISMISSED WITH PREJUDICE.**

IT IS HEREBY ORDERED that Respondent's Motion for Summary Judgment [10–1] **IS GRANTED.**

IT IS FURTHER ORDERED that Petitioner's Motion Objecting to Procedural Defenses [13–1] and Petitioner's Motion for Default Judgment [21–1] **ARE HEREBY DENIED.**