**Stephen LOVELY, Petitioner,**

v.

**Andrew JACKSON Respondent.**

**No. CIV.A. 03–CV–40242–FL.**

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 13, 2004.

Stephen Lovely, Mound Correctional Facility, Detroit, MI, Pro se.

Janet Van Cleve, Michigan Department of Attorney General, Habeas Corpus Divi-

sion, Brenda E. Turner, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Andrew Jackson, Warden, Respondent.

***OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTIONS FOR DISCOVERY AND ADMITTANCE AND FOR ORAL ARGUMENT***

GADOLA, District Judge.

Petitioner Stephen Lovely, a state prisoner currently confined at the Mound Correctional Facility in Detroit, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as motions for discovery and admittance and for oral argument. Respondent Andrew Jackson is the warden at the Mound Correctional Facility.

Petitioner was convicted of armed robbery, assault with intent to do great bodily harm less than murder, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2000. In his petition, Petitioner raises claims concerning the legality of his arrest and lack of an evidentiary hearing on the issue, the sufficiency of the evidence, and the propriety of his sentence. For the reasons stated below, the Court will deny the petition for a writ of habeas corpus.

## I. *Facts*

Petitioner's convictions stem from an armed robbery of a Blockbuster video store and the shooting of store employee Edward McClure on February 19, 1999 in Detroit, Michigan. At trial, co-defendant Carleton Taite testified that he committed the robbery with Petitioner and another individual named Rayshawn Williams. Taite explained that Petitioner drove them to the video store, entered the store and

announced the robbery, demanded money from the employee at the register in front of the store, and then shot that employee in the leg when the money was not produced quickly enough. Taite stated that they were all armed when they entered the store. He further testified that they took money and video games from the store and divided the proceeds after the robbery. Taite also identified Petitioner in a surveillance video of the robbery. Taite admitted that he was testifying pursuant to a plea agreement.

Victim Edward McClure also testified at trial. He described the robbery and identified Petitioner as the person who shot him. McClure indicated that he was only 75% to 80% sure that Petitioner was the shooter because he wore a mask covering part of his face during the robbery.

Police testimony established that Petitioner made a statement implicating himself in the robbery as the driver of the vehicle used by the perpetrators. Petitioner did not testify at trial, but challenged the credibility of the evidence and the identification testimony.

At the close of trial, the jury found Petitioner guilty of armed robbery, assault with intent to do great bodily harm less than murder, and possession of a firearm during the commission of a felony. The trial court subsequently sentenced Petitioner as a second habitual offender to 225 months to 60 years imprisonment on the robbery conviction, a concurrent term of 107 months to 15 years imprisonment on the assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

## II. *Procedural History*

Following sentencing, Petitioner filed a motion for new trial or acquittal and for an evidentiary hearing raising several claims, including an illegal arrest claim. The trial court denied the motion, finding, in part,

that Petitioner's arrest was lawful. *People v. Lovely,* No. 99–4362–01 (Wayne Co. Cir. Ct. Sept. 17, 2001).

Petitioner also filed an appeal as of right with the Michigan Court of Appeals asserting several claims of error, including the first two claims contained in the present petition. The Michigan Court of Appeals affirmed his convictions. *People v. Lovely,* No. 226750, 2002 WL 1040554 (Mich.Ct. App. May 21, 2002) (unpublished). Petitioner then filed an application for leave to appeal and a motion to remand with the Michigan Supreme Court, both of which were denied. *People v. Lovely,* 467 Mich. 913, 654 N.W.2d 334 (2002).

Petitioner filed the present habeas petition on September 29, 2003 asserting the following claims as grounds for relief:

I. This habeas corpus court should grant Petitioner an evidentiary hearing where state courts did not fairly and fully evaluate Petitioner's claim of the legality of his arrest on key issues concerning the lack of probable cause to arrest Petitioner, and thereafter, evidence, as result of the exploration of the illegal arrest was used against him at trial that was the fruit of a poisonous tree, that when reviewed properly would not justify Petitioner's conviction in state court that violated Federal Const. Amend. IV & XIV.

II. This habeas corpus court should grant Petitioner's writ where state appeals court review of sufficiency of evidence was unreasonable where the jury did not find Petitioner guilty beyond a reasonable doubt of all essential elements of armed robbery or assault with intent to do great bodily harm less than murder upon his conviction, thus violated Petitioner's federal

due process of law and as result being contrary to *Jackson, supra,* U.S. Const. Amend. XIV.

III. This habeas court should vacate Petitioner's current sentence and remand for resentencing where the sentence was unconstitutionally disproportionate to the offenses Petitioner was convicted of and thereof resulted in cruel and unusual punishment concerning the minimum sentence of armed robbery and assault with intent to do great bodily harm less than murder imposed by state court, U.S. Const. Amend. VIII, XIV art 1 § 17.

Respondent filed an answer to the petition on April 16, 2004 asserting that it should be denied because Petitioner's claims are not fully exhausted, not cognizable, and/or lack merit. Petitioner filed a reply to that answer on April 26, 2004.

## III. *Standard of Review*

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.,* govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

In *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Court:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412–13, 120 S.Ct. 1495 (O'Connor, J., delivering the opinion of the Court on this issue).

In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively un-

reasonable." *Id.* at 411, 120 S.Ct. 1495. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 412, 120 S.Ct. 1495. In determining what constitutes clearly established federal law, therefore, a federal habeas court must look to pertinent United States Supreme Court precedent.

Finally, this Court presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998).

## IV. *Analysis*

### A. *Exhaustion of State Remedies*

As an initial matter, Respondent contends that the habeas petition should be dismissed for failure to fully exhaust state remedies because Petitioner has not properly presented his sentencing claim (his third habeas claim) to the Michigan courts. The doctrine of exhaustion of state remedies requires state prisoners to properly present their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sulli-*

*van,* 526 U.S. at 845, 119 S.Ct. 1728. This means that Michigan prisoners must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before raising them in a federal habeas corpus petition. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir.1990).

Petitioner raised his first two habeas claims in the Michigan Court of Appeals and in the Michigan Supreme Court such that those claims are exhausted. He did not, however, present his third habeas claim to the state courts. Consequently, that claim is unexhausted for purposes of federal habeas review. Even though Petitioner's third habeas claim is unexhausted, the Court determines that the interests of comity and justice are better served in this instance by addressing Petitioner's unexhausted claim rather than dismissing the entire habeas petition for the failure to exhaust state remedies. *See Lyons v. Stovall,* 188 F.3d 327, 333 (6th Cir.1999); *see also* 28 U.S.C. § 2254(b)(2) (authorizing courts to deny a habeas petition on its merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). The Court, therefore, will excuse the failure to exhaust state remedies and will address the merits of Petitioner's claims.

### B. *Fourth Amendment Claim*

Petitioner first claims that he is entitled to habeas relief because the incriminating statement he gave police was the product of an illegal arrest and the state court did not hold an evidentiary hearing on this issue. Respondent contends that this claim is barred by procedural default and is not cognizable upon habeas review.

 Habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. A petitioner's procedural default in the state courts will

preclude federal habeas review if the last state court rendering a judgment in the case rested its judgment on the procedural default. *See Wainwright v. Sykes,* 433 U.S. 72, 85, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In such a case, a federal court must determine not only whether a petitioner has failed to comply with state procedures, but also whether the state court relied on the procedural default or, alternatively, chose to waive the procedural bar. "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed,* 489 U.S. 255, 263–64, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–05, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing Petitioner's claim, the court relied upon a state procedural bar: Petitioner's failure to timely raise the illegal arrest issue in the trial court. *See Lovely,* 2002 WL 1040554 at *1. The failure to make a timely objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See Coleman v. Thompson,* 501 U.S. 722, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *see also Thomas v. Campbell,* 47 F.3d 1170, 1995 WL 29448, *1 (6th Cir.1995) (habeas petitioner procedurally defaulted Fourth Amendment claim). A state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz,* 869 F.2d 281, 285

(6th Cir.1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir.2001); *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir.2000). Nor does a state court fail to rely sufficiently upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys,* 929 F.2d 264, 267 (6th Cir.1991).

■ A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546; *Gravley v. Mills,* 87 F.3d 779, 784–85 (6th Cir.1996). In this case, Petitioner neither alleges nor establishes cause to excuse his default. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray,* 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Long v. McKeen,* 722 F.2d 286, 289 (6th Cir.1983).

■ Nonetheless, the Court notes that Petitioner cannot establish prejudice. Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell,* 428 U.S. 465, 494–95, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must

determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir.2000) (quoting *Riley v. Gray,* 674 F.2d 522 (6th Cir.1982)).

■ Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson,* 376 Mich. 90, 93–94, 135 N.W.2d 357 (1965) (motion to suppress), *People v. Harris,* 95 Mich.App. 507, 509, 291 N.W.2d 97 (1980). Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claims. The record reveals that Petitioner did not challenge the legality of his arrest prior to trial, but first raised the issue in a post-conviction motion and then on direct appeal. The trial court found that his arrest was lawful. The Michigan Court of Appeals concluded that Petitioner had failed to timely raise the issue, reviewed the claim for plain error, and denied relief. *See Lovely,* 2002 WL 1040554 at *1. Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. Accordingly, any claim concerning the validity of Petitioner's arrest is not cognizable on habeas review pursuant to *Stone v. Powell.*

■ Finally, Petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326–27, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 624, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. Petitioner has made no such showing. This claim is thus barred by procedural default, otherwise lacks merit, and does not warrant habeas relief.

### C. *Insufficient Evidence Claim*

Petitioner next contends that he is entitled to habeas relief because there was insufficient evidence presented at trial to support his armed robbery and assault convictions. Respondent asserts that this claim lacks merit and does not warrant habeas relief.

■ In *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. 2781; *see also DeLisle v. Rivers,* 161 F.3d 370, 389 (6th Cir.1998). The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell,* 280 F.3d 594, 617 (6th Cir.2002). Further, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson,* 443 U.S. at 324 n. 16, 99 S.Ct. 2781. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys,* 319 F.3d 780, 788–89 (6th Cir. 2003) (citation omitted).

To convict a defendant of armed robbery under Michigan law, the prosecution must establish the following elements: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See* Mich. Comp. Laws § 750.529; *People v. Allen,* 201 Mich.App. 98, 100, 505 N.W.2d 869 (1993). To convict a defendant of assault with intent to do great bodily harm less than murder, the prosecution must establish the following elements: (1) an attempt or offer with force or violence to do corporal hurt to another, and (2) an intent to do great bodily harm less than murder. *See* Mich. Comp. Laws § 750.84; *People v. Mitchell,* 149 Mich. App. 36, 38, 385 N.W.2d 717 (1986).

The Michigan Court of Appeals considered this claim and concluded that there was sufficient evidence for a rational trier of fact to conclude that Petitioner was guilty of armed robbery, assault with intent to commit great bodily harm less than murder, and felony firearm. *See Lovely,* 2002 WL 1040554 at *1–2. This Court finds that the Michigan Court of Appeals' decision is consistent with *Jackson* and constitutes a reasonable application thereof, as well as a reasonable determination of the facts in light of the evidence. At trial, co-defendant Carleton Taite testified that Petitioner drove Taite and Williams to the video store, entered the store and demanded money, shot an employee in the leg, and split the proceeds following the robbery. Taite also identified Petitioner in a surveillance video of the crime. Additionally, victim Edward McClure identified Petitioner as the person who shot him in the leg during the incident. In addition, Petitioner admitted some involvement in the robbery in his police statement. Given such evidence, a rational trier of fact could conclude that Petitioner committed the armed robbery and assault beyond a reasonable doubt.

Petitioner's insufficient evidence claim essentially challenges the weight to be accorded certain pieces of evidence. Such determinations, however, are not matters for federal habeas review. It is well-settled that a "federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle,* 703 F.2d 959, 970 (6th Cir.1983). Petitioner is thus not entitled to relief on this claim.

### D. *Sentencing Claim*

Finally, Petitioner claims that he is entitled to habeas relief because his sentence is disproportionate and constitutes cruel and unusual punishment. Respondent contends that this claim is unexhausted, non-cognizable, and/or lacks merit.

To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. *See Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir.2000) (citing *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)); *Atkins v. Overton,* 843 F.Supp. 258, 260 (E.D.Mich.1994). A petitioner does not have a state-created liberty interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *Thomas v. Foltz,* 654 F.Supp. 105, 106–07 (E.D.Mich.1987). Additionally, "there is no federal constitutional right to individualized sentencing" that considers individual circumstances. *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir.1995).

Additionally, Petitioner is not entitled to habeas relief on his claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not

require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan,* 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir.2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks,* 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin,* 213 F.3d at 302 (quoting *United States v. Organek,* 65 F.3d 60, 62 (6th Cir.1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *Thomas,* 49 F.3d at 261.

▪ Petitioner was sentenced as a second habitual offender to 225 months to 60 years imprisonment on the armed robbery conviction and a concurrent term of 107 months to 15 years imprisonment on the assault conviction. This sentence was within the guideline range, *see* 3/9/00 Sent. Tr., as well as the statutory maximums. *See* Mich. Comp. Laws §§ 750.84, 750.529, 769.10. Accordingly, this Court concludes that the trial court acted within its discretion in imposing Petitioner's sentence and there is no extreme disparity between Petitioner's crimes and his sentence that would violate the Eighth Amendment. Habeas relief is not warranted on this claim.

**V. *Conclusion***

For the reasons stated above, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.** Given this determination, Petitioner's motions for "discovery and ad-

mittance" and for oral argument [docket entries 33 and 34] are also **DENIED.**

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA with this Court within **TWENTY–ONE (21) DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) (**"*We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.*"** (emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **ELEVEN (11) DAYS** of service of Petitioner's motion for a COA.